IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ESTRADA,<br><br>    Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC.,<br>a Foreign Profit Corporation,<br>d/b/a Big Lots,<br><br>    Defendant. | Civil Action File No.:<br>1:21-cv-00044-JPB |

**DEFENDANT'S AFFIRMATIVE DEFENSES AND
ANSWER TO PLAINTIFF'S COMPLAINT**

COME NOW, Big Lots Stores, Inc. d/b/a Big Lots, named Defendant in the above-styled action, and files the following Affirmative Defenses and Answer to Plaintiff's Complaint and show the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint is or may be barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's Complaint may be subject to dismissal, in whole or in part, for lack of personal or subject matter jurisdiction.

## FOURTH DEFENSE

Defendant acted at all times in good faith and in a reasonable and prudent manner, exercising the degree of due care required in carrying out any duties allegedly owed to Plaintiff and have been consistent with all applicable legal standards.

## FIFTH DEFENSE

Plaintiff's Complaint may be subject to dismissal due to failure of process, improper service of process, and/or insufficiency of service of process.

## SIXTH DEFENSE

Plaintiff's claims may be barred by laches, waiver, estoppel, or res judicata.

## SEVENTH DEFENSE

Defendant breached no duty owed to the Plaintiff and, as a result, the Complaint should be dismissed. No act or omission on the part of the Defendant either proximately caused or contributed to any damages Plaintiff may have sustained, the existence of which are denied.

### EIGHTH DEFENSE

Plaintiff's claims for damages are speculative in nature and should therefore be stricken.

### NINTH DEFENSE

Plaintiff's Complaint fails to state a claim which would justify an award of attorney's fees or litigation costs.

### TENTH DEFENSE

Plaintiff is not an individual with a disability under the Americans with Disabilities Act.

### ELEVENTH DEFENSE

The alterations and/or accommodations sought by Plaintiff are not readily achievable or easily accomplished and are unduly burdensome.

### TWELFTH DEFENSE

Plaintiff's Complaint fails to plead with particularity the nature of any alleged disability(ies).

### THIRTEENTH DEFENSE

Plaintiff has not been denied access to Defendant's store because of alleged disabilities.

### FOURTEENTH DEFENSE

Plaintiff has not been injured in fact and cannot show a probability of future injury.

### FIFTEENTH DEFENSE

Defendant does not exclude, deny service, segregate, or otherwise treat any person differently from other individuals on account of alleged disabilities.

### SIXTEENTH DEFENSE

Defendant has made all reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to disabled individuals.

### SEVENTEENTH DEFENSE

Defendant has removed all architectural barriers and communication barriers that are structural in nature in its facility when such removal has been readily achievable.

### EIGHTEENTH DEFENSE

If barrier removal is not readily achievable, Defendant has made its goods and/or services available through alternative methods.

NINETEENTH DEFENSE

Defendants reserve the right to assert any additional affirmative defenses of which they may become aware during discovery.

TWENTIETH DEFENSE

For a twentieth defense, Defendants respond to and answer the individually numbered paragraphs of the Plaintiff's Complaint, as follows:

**INTRODUCTION**

In response to the "Introduction" section of Plaintiff's Complaint, Defendant admits that Plaintiff brings this action under Title III of the Americans with Disabilities Act (the "ADA"). Defendant admits that Plaintiff alleges barriers to access at Defendant's store but denies that any such barriers exist. Defendant denies that it is a place of public accommodation. Defendant admits that it is the proper Defendant with respect to the premises, as the owner, operator, lessor, and or/administrator thereof. Defendant denies that the store in question is a public facility or a private facility used by the public and is a place of public accommodation as defined by the ADA. Defendant admits that the store in question includes parking, approaches, entrances, paths of travel, facilities, toilet rooms, but deny that it contains other public accommodations and services covered by the ADA.

1.

In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over this action, the parties, and Plaintiff's claim. Defendant denies that it violated Title III of the ADA. Any remaining allegations are accordingly denied.

2.

In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits that venue is proper in the Northern District of Georgia, Atlanta Division.

## **PARTIES**

3.

In response to Paragraph 3 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations and accordingly deny same.

4.

In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

## COUNT ONE
## VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

5.

In response to Paragraph 5 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

6.

In response to Paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

7.

In response to Paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

8.

In response to Paragraph 8 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

9.

In response to Paragraph 9 of Plaintiff's Complaint, Defendant is without knowledge or sufficient information so as to form a belief to the allegations contained therein and accordingly denies same.

10.

In response to Paragraph 10, including all subparts, of Plaintiff's Complaint, Defendant denies the allegations contained therein.

11.

In response to Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

12.

In response to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

13.

In response to Paragraph 13 of Plaintiff's Complaint, Paragraph 13 contains a conclusory statement of law to which no response is required. To the extend a response is required, Defendant denies the allegations contained therein.

14.

In response to Paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

15.

In response to Paragraph 15 of Plaintiff's Complaint, Defendant is without knowledge or sufficient information so as to form a belief to the allegations contained

therein and accordingly denies same.

16.

In response to Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17.

In response to Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

18.

In response to Paragraph 18 of Plaintiff's Complaint, Paragraph 18 contains a conclusory statement of law to which no response is required. To the extend a response is required, Defendant denies the allegations contained therein.

## **PRAYER FOR RELIEF**

Defendant denies the allegations and prayers for relief contained after Paragraph 18, including, but not limited to, those allegations and prayers for relief contained in subparagraphs (a) through (d).

## **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure, Defendant hereby demands trial by jury of any issue triable by right of a jury.

WHEREFORE, Defendant respectfully requests that:

(a) The Complaint be dismissed;

(b) Judgment be entered for Defendant;

(c) Plaintiff take nothing;

(d) Defendant be awarded its costs in defending this matter; and

(e) Defendant be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 4th day of March, 2021.

        Goodman McGuffey LLP
        Attorneys for Big Lots Stores, Inc.

        */s/ Robert A. Luskin*
        ROBERT A. LUSKIN
        GA State Bar No.  004383
        rluskin@GM-LLP.com
        E. GRAHAM NEWSOME
        GA State Bar No.  815149
        gnewsome@GM-LLP.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        (404) 264-1500 Phone
        (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ESTRADA,<br><br>    Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC., a Foreign Profit Corporation d/b/a BIG LOTS,<br><br>    Defendant. | Civil Action<br>File No.:    1:21-cv-00044-JPB |

## CERTIFICATE OF COMPLIANCE

The foregoing ***DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT*** document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

                                       */s/E. GRAHAM NEWSOME*
                                       E. Graham Newsome
                                       Goodman McGuffey LLP
                                       3340 Peachtree Road NE, Suite 2100
                                       Atlanta, GA 30326-1084
                                       (404) 264-1500 Phone
                                       (404) 264-1737 Fax
                                       Email:  GNewsome@GM-LLP.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ESTRADA,<br><br>    Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC.,<br>a Foreign Profit Corporation,<br>d/b/a Big Lots,<br><br>    Defendant. | Civil Action File No.:<br>1:21-cv-00044-JPB |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this ***DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT*** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> Matthew N. Pope, P.C.
> Matthew N. Pope, Esq.
> 900 2nd Avenue
> P.O. Box 2624
> Columbus, Georgia 31902

This 4th day of March, 2021.

> Goodman McGuffey LLP
> Attorneys for Big Lots Stores, Inc.

- 13 -

/s/ *E. GRAHAM NEWSOME*
ROBERT A. LUSKIN
GA State Bar No.  004383
rluskin@GM-LLP.com
E. GRAHAM NEWSOME
GA State Bar No.  815149
gnewsome@GM-LLP.com
 3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax