IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ESTRADA,

      Plaintiff,

v.

                                  CIVIL ACTION FILE NO.:
                                  1:21-cv-00044-JPB

BIG LOTS STORES, INC.,
a Foreign Profit Corporation,
d/b/a Big Lots,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW Plaintiff Michael Estrada, by and through the undersigned counsel, and in opposition to Defendant's Motion to Enforce Settlement Agreement, says as follows:

**I.    PRELIMINARY STATEMENT**

Defendant Big Lots Inc.'s ("Defendant") Motion to Enforce is not only improper but it is based on a select and incomplete citation to the record. This dispute arises out of Defendant's refusal to cooperate with the terms of the confidential Settlement Agreement ("Agreement") which requires Defendant to make payment of attorneys' fees within fourteen (14) days of receiving Plaintiff's executed counterpart and a Form W-9 from Plaintiff's counsel. Breaking with the

clear terms of that Agreement, Defendant has deliberately withheld those funds in a vain attempt to force Plaintiff to relent to terms relating to a separate Form W-9.

## II.    FACTS

Defendant's misguided Motion paints an incomplete picture for the Court, and the relevant communications between the parties on the issues are attached and referred to as Exhibits A-H.   Specifically, the record shows that the Settlement Agreement became fully executed and binding upon Defendant's signature on May 29, 2021.   Before Defendant signed the Agreement, which does not include any requirement that Plaintiff submit a separate W-9, Defendant's counsel had raised the W-9 issue in several emails to the undersigned, and those requests were unequivocally rejected.  In light of Plaintiff's refusal to accept what amounted to a counteroffer from Defendant, Defendant had the choice to not sign the Agreement and continue in the litigation.   Instead, with unclean hands resulting from its breach, Defendant now seeks relief by asking this Court to write into the Agreement a material term which does not exist and which Plaintiff has at all times strenuously opposed.

On April 15, 2021, the undersigned counsel for Plaintiff forwarded to Defendant's counsel a written agreement which contained the terms of a settlement the parties had previously negotiated.  (Ex. A).  The Agreement provides in

2

relevant part that **"[attorneys' fees] shall be paid within 14 days after execution of this Agreement by Complainant and submission of a completed Form W-9 to counsel for Big Lots."**

On April 26, 2021, Plaintiff's counsel forwarded to Defendant's counsel his signed portion of the Agreement along with a Form W-9 from the undersigned counsel's office. (Ex. B, C). Later that same day, Defendant's counsel emailed to request an additional W-9 from the Plaintiff, stating, "Received. Thank you, Matthew. Please provide a W-9 for your client. We will have our client execute the agreement." (Ex. C).

On April 26, 2021, the undersigned responded to Defendant's earlier request for a W-9 from Plaintiff, stating "[y]ou are aware the nature of this settlement is an attorney-fee-only payment to counsel. My office will get a W-9 to you today, but we wouldn't send a W-9 from Mr. Estrada." (Ex. D).

The next several days included several emails and telephone calls between counsel related to the issue of the separate W-9 for Plaintiff. On May 11, 2021, Defendant's counsel forwarded Defendant's counterpart to the Agreement which had been signed on April 29, 2021. Counsel's accompanying email states, "[w]e are working on getting payment issued -we had to jump through some hoops with the client. I do apologize and will let you know when the check is on its way."

3

(Ex. E).

Evidently unable to jump through the right "hoops" with his client, on May 11, 2021, just two days before the deadline for Defendant to deliver payment for attorney fees, counsel emailed the undersigned and stated, "Give me a call when you can. We would like to add an addendum to the agreement – related to the tax issue for settlement payment." (Ex. F). In a telephone call that same day, the undersigned unequivocally stated Plaintiff's refusal to agree to an addendum which would have required the separate W-9 from Plaintiff. Defendant then simply walked away from its obligation to deliver the attorney fees payment within 14 days in accordance with the terms of the Agreement.

In light of Defendant's clear refusal to honor the terms of the Agreement unless Plaintiff relented on the W-9 issue, on May 13, 2021, the undersigned emailed Defendant's counsel and stated an intent to continue with this litigation. "You are aware there is a narrow runway for us to complete discovery and make Rule 26 disclosures in this case. Right now I don't see a choice but to go back to handling this matter with a view that your client is not going to follow through." (Ex. G).

## III.  CITATION TO AUTHORITY

A motion to enforce a settlement agreement is analogous to the issues raised

4

in a motion for summary judgment, requiring uncontested factual evidence indicating there is not a question of material fact. *DeRossett Enterprises, Inc. v. General Electric Capital Corp.*, 275 Ga. App. 728 (2005). The evidence is viewed in the light most favorable to the nonmoving party. *Id.* To succeed the movant must "show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element." *Id.* (quoting *Superglass Windshield Repair v. Mitchell*, 233 Ga. App. 200 (1998)).

Likewise, a settlement agreement is a contract and must meet the same statutory requirements for contract formation and meeting of the minds. *Id.* at 729. To constitute a valid contract, there must be assent of the parties to the terms of the contract – a meeting of the minds on the essential terms. *Id.* O.C.G.A. § 13-3-1; *Great West Casualty Co. V. Bloomfield*, 303 Ga. App. 26, 28 (2010). All material terms must be agreed upon at the time of formation or no meeting of the minds will exist. *Jerry Dickerson Presentations, Inc. v. Concert S Chastain Promotions*, 260 Ga. App. 316, 328 (2003); see also O.C.G.A. § 13-3-2 ("until each [party] has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition.").

Further, in the context of determining the enforceability of a settlement

5

agreement, the law is well settled. "In considering the enforceability of an alleged settlement agreement, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties." *Pourezza v. Teel Appraisals & Advisory, Inc.*, 273 Ga. App. 880, 882, 883, 616 S.E.2d. 108 (2005).

As shown above, there can be no doubt that the issue of whether Plaintiff was willing to submit a personal W-9 was a separate issue, and it is not contained in the Agreement that was signed by Defendant. (Exs. D, F, G). Further, the record is clear that Defendant knew the W-9 was not a trivial matter but instead was a material term that Defendant knew Plaintiff did not and would not agree to. (Exs. D, F, G). Having failed in its earlier efforts at persuading Plaintiff's counsel to informally provide a W-9 from Plaintiff, Defendant then proposed adding an addendum to the Agreement requiring the W-9. (Exs. C, D, F). Plaintiff unequivocally stated that he would not consent to an addendum. Finally, unhappy with what it could not get in negotiations – later reduced to writing and signed by Defendant - Defendant then pivoted to withholding settlement funds in an effort to get Plaintiff to relent.

Plaintiff has presented sufficient evidence in opposition to Defendant's Motion by showing that there was no meeting of the minds on a material term – whether Plaintiff would submit a separate W-9 in addition to the one that Plaintiff's counsel had previously submitted on April 26, 2021. Plaintiff has also presented evidence that Defendant has refused to deliver settlement funds in accordance with the terms of the contract, which requires that the same be done within 14 days of April 26, 2021. (Ex. G). Plaintiff's counsel's second email of April 26, 2021 unconditionally rejected Defendant's demand for a W-9 from Plaintiff. (Ex. D). Defendant was then free to refuse to sign the Agreement and continue with the litigation. Instead, Defendant signed the Agreement and is consequently bound by its terms. This includes an obligation to deliver payment of Plaintiff's attorneys' fees within the specified time, which Defendant has not done.

## IV.   CONCLUSION

Plaintiff has not breached the Settlement Agreement. Using a Motion to Enforce, Defendant just seeks to have this Court inject terms into a contract which otherwise are not there. The fact is, it is Defendant who is in breach of the Agreement and Defendant who is expanding this litigation and causing unnecessary delay. Defendant is also not entitled to attorney fees. If any party is entitled to an award of attorney fees it would be Plaintiff for having to respond to

7

an improper and groundless motion.

Accordingly, Plaintiff asks this Court to DENY Defendant's Motion to Enforce and to RESET critical case deadlines to account for the delays caused in this matter.

This 26th day of May, 2021.

Respectfully submitted,

By: /s/ Matthew N. Pope
    Matthew N. Pope
    GA State Bar No. 584216

*Counsel for Plaintiff Michael Estrada*

900 2nd Avenue
P.O. Box 2624
Columbus, Georgia 31902
Ph. (706) 324-2521
matt@mpopelaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** by filing the same with the Clerk using this Court's CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> E. Graham Newsome, Esq.
> gnewsome@GM-LLP.com
> Robert A. Luskin, Esq.
> rluskin@GM-LLP.com
> Goodman McGuffey LLP
> 3340 Peachtree Road NE, Ste. 2100
> Atlanta, Georgia 30326-1084

This 26th day of May, 2021.

> By: /s/ Matthew N. Pope
> Matthew N. Pope
> GA State Bar No. 584216
>
> *Counsel for Plaintiff Michael Estrada*

900 2nd Avenue
P.O. Box 2624
Columbus, Georgia 31902
Ph. (706) 324-2521
matt@mpopelaw.com